IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANE A. ROLES,

      Plaintiff,                        12cv1659
                                          **ELECTRONICALLY FILED**

      v.

RIVERS CASINO,

      Defendant.

### Memorandum Order on Motion to Dismiss

This is an employment discrimination case. Plaintiff, who had been employed since July 15, 2009, at the Rivers Casino as a full-time Slot Attendant, and was the oldest Slot Attendant, alleges that defendant discriminated against her on the basis of her age, and disability (diabetes) when she was constructively discharged from her employment on November 12, 2010. Plaintiff alleges that she was harassed in the form of verbal comments such as "hurry up," "walk faster," and "you better get glasses." Doc. No. 1, at ¶ 13. She alleges that on the day of her alleged constructive discharge, she was wrongly accused of leaving her workstation by a younger supervisor, that she was denied her noontime break (a break that was considered a reasonable accommodation for her disability and was "medically necessary"), and that she was not permitted another break until five (5) hours later, thus having a deleterious effect on her disability. Doc. No. 1, at ¶ 15-19. Plaintiff further alleges that she was replaced by a younger individual. Doc. No. 1, at ¶ 22. Plaintiff has filed a three count complaint alleging discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a), the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), and the Pennsylvania Human Relations Act (PHRA), 43 P.S.§ 955(a). Currently pending before this Court is defendant's

motion to dismiss the complaint in its entirety (doc. no. 3) and plaintiff's response in opposition thereto (doc. no. 7).

**Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the complaint, when taken as true, allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*. See also, *Fowler*, 578 F.3d at 210, quoting *Iqbal*, 129 S.Ct. at 1948. ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'").

Moreover, the Court finds that the issue of constructive discharge is more properly before the Court on a motion for summary judgment and it would be premature to decide the issue without allowing plaintiff an opportunity to develop the record through the discovery process. Incidentally, the cases cited by defendant (in its brief) in support of its proposition, were actually decided on summary judgment or after trial. Accordingly,

**AND NOW, this 29th day of January, 2013,** after due consideration to defendant's motion to dismiss the complaint (doc. no. 3), and plaintiff's response thereto (doc. no. 7), **IT IS HEREBY ORDERED** that defendant's motion to dismiss (doc. no. 3) **IS DENIED**.

                                        s/Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge

cc: All Registered ECF Counsel and Parties